**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-10097-002-WEB |
| | ) | |
| James Lee Porter, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

The Court has ruled on Defendant's objections to the pre-sentence report.  The record shows that Defendant pleaded guilty on June 26, 2006 to two counts of Bank Fraud in violation of 18 U.S.C. § 1344(1) and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A. (Docs. 32 and 33).

Defendant objects to the loss and restitution figures in paragraphs 40 and 77 of the presentence report because these checks where written by Angela Martinez.  While the actual checks were not written by Defendant, the checks themselves were created and produced by Defendant. The checks used in paragraphs 40 and 77 were drawn on a fictitious account with Emprise Bank and had the same routing number used by Defendant when he passed other counterfeit checks. Consequently Defendant is responsible for the checks used in the losses shown in paragraphs 40 and 77.

Defendant next objects to the three level enhancement for role in offense.  U.S.S.G. § 3B1.1(b).  Defendant argues that his connection with others in the check counterfeiting ring was tenuous and that other involved individuals acted independently.

-1-

Section 3B1.1(b) states the following standard, "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels." Id. Application note three gives further guidance, "[i]n assessing whether an organization is "otherwise extensive,"all persons involved during the course of the entire offense are to be considered. Thus, a fraud that involved only three participants but used the unknowing services of many outsiders could be considered extensive." Id. application note 3.

Probation reports that the means of obtaining the victim's information spanned over an extensive period of time and involved a number of participants both knowing and unknowing.

The Court agrees. Defendant learned how to counterfeit checks and create fake identifications sometime between 1999 and 2004. He created counterfeit checks and corresponding identification cards to facilitate the passing of those checks. Defendant received stolen personal information necessary to create fake identification from other individuals. Some of these individuals took personal information from friends and family while another took information from his job. These individuals would provide personal information to Defendant in exchange for drugs, proceeds from the check, or merchandise. Defendant created identifications and corresponding counterfeit checks for Jessica Porter, Angela Martinez, and Kimberly Ho who then used the checks to purchase items. Items purchased with the checks were then sold to others. In one instance, Defendant created a fake payroll check and took Jessica Porter to a store where she attempted to cash the check.

The Court agrees that Defendant supervised or managed the gathering of personal information and the creation of counterfeit checks and identification. Moreover, the criminal activity was otherwise extensive as it involved multiple individuals who provided personal

information, passed the counterfeit checks, and bought merchandise from Defendant.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that the Defendant's objections to the pre-sentence report be DENIED.  The Probation Officer in charge of this case shall ensure a copy of this ruling is appended to the Presentence Report.

SO ORDERED this 12th day of September, 2006.

 s/ Wesley E. Brown

Wesley E. Brown, U.S. Senior District Judge